[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-14708

_____

D. C. Docket No. 98-02102 CV-T-24-MAP

THOMAS E. TAYLOR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 19, 2005)**

Before EDMONDSON, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This case involves 1) the applicability of the Immigration and Naturalization Act ("INA") exhaustion requirement in habeas proceedings; 2) the definition of "aggravated felony" for purposes of INA § 212(c) relief; 3) the availability of § 212(c) relief to an alien who was not charged as removable as an aggravated felon by the INS but has been convicted of an aggravated felony; and 4) the proper venue for challenges to state court convictions that underlie deportation orders. Petitioner-Appellant Thomas E. Taylor seeks review of a district court decision denying habeas corpus relief. We affirm the district court's dismissal of Taylor's petition for writ of habeas corpus.

I.      Background

Taylor, a Jamaican citizen, entered and was admitted to the United States as a permanent resident on 2 August 1994.[1]  After his arrest in late January 1997,

---

[1]Taylor contends that he entered the United States pursuant to a lawful visa on 18 May 1990. The only physical evidence that Taylor offered in support of that date was his 1990 passport stamp showing that he entered as a non-immigrant visitor. The immigration judge determined that Taylor became a lawful permanent resident in 1994. The district court, on remand, stated that Taylor was admitted as a visitor, with permission to remain until 26 April 1991. The court stated that Taylor "apparently remained in the United States illegally [from that time] until he adjusted his status to that of a lawful, permanent resident by virtue of his April 1994 marriage to a United States citizen."

Taylor plead guilty in June 1997 to soliciting sexual activity with a minor over a period from October 1996 through January 1997, in violation of Fla. Stat. Ann. § 794.011(8)(a). The INS initiated removal proceedings. An immigration judge ("IJ") found Taylor removable as an alien convicted of a crime of moral turpitude.[2] The judge denied Taylor's request for cancellation of removal pursuant to INA § 240A, finding that Taylor did not have the requisite five years as a lawful permanent resident to qualify for relief.

### A.     District Court Decision

In February 1998, Taylor filed an appeal with the Board of Immigration Appeals ("BIA"). While his appeal with the BIA was pending, Taylor filed a habeas petition with the district court for the Middle District of Florida, challenging his removal. In October 1998, the district court dismissed the petition for lack of jurisdiction.

---

[2]The INS initially charged Taylor with removal on the basis of his conviction of an aggravated felony, pursuant to INA § 237(a)(2)(A)(iii). But, in its amended pleading, the INS charged Taylor with removal based on his conviction of a crime involving moral turpitude, pursuant to INA § 237(a)(2)(A)(i).

B.     Board of Immigration Appeal

In April 1999, the Board dismissed Taylor's challenge to the removal order,

concluding that the solicitation of sexual activity with a child constituted a crime

of moral turpitude: rendering Taylor removable.  The Board also affirmed the IJ's

determination that Taylor was ineligible for relief under INA § 240A.  In addition,

the Board determined that Taylor was ineligible for relief under INA § 212(c),

which had been repealed, effective 1 April 1997.  Taylor then petitioned this Court

for review.

C.     Court of Appeals First Decision

This Court consolidated Taylor's appeal from the district court's dismissal

of his habeas petition and his petition for review of the Board decision.  We

determined that we lacked jurisdiction over Taylor's petition for review of the

Board decision pursuant to 8 U.S.C. § 1252(a)(2)(C).  Taylor v. U.S., 49 Fed.

Appx. 287 (11th Cir. Sept. 11, 2002) (unpublished).  All three elements of the

statute were satisfied: Taylor was an alien, and removable, by reason of having

committed one of the statutorily referenced criminal offenses.  We, however,

4

concluded that the district court did have jurisdiction to review the habeas petition. Therefore, we vacated the district court's dismissal of Taylor's habeas petition; and we remanded the case to the district court. Taylor v. U.S., 49 Fed. Appx. 287 (11th Cir. Sept. 11, 2002) (unpublished).

D.      District Court Decision on Remand

On remand, the district court dismissed Taylor's petition for a writ of habeas corpus with prejudice. Taylor now appeals the district court's decision. He challenges the findings and conclusion by the district court: 1) that it lacked jurisdiction to hear Taylor's fact-based claims regarding the date he became a lawful permanent resident alien; 2) that Taylor was ineligible for the cancellation of removal under INA § 240A; 3) that Taylor was ineligible for relief under INA § 212(c) because of its repeal before Taylor's guilty plea; 4) that even had § 212(c) relief been available, Taylor was ineligible because of his conviction of an aggravated felony; and 5) that Taylor could not collaterally attack his Florida state conviction.

5

II.     Discussion

        A.      Date of Permanent Residence

Taylor asserts that the district court erred in concluding that it lacked jurisdiction to address his challenge to the IJ's determination of his date of entry, and, consequently, to address his eligibility for cancellation of removal. We review de novo the district court's dismissal of Taylor's habeas petition for lack of jurisdiction. Alanis-Bustamante v. Reno, 201 F.3d 1303, 1306 (11th Cir. 2000).

Under the Immigration and Naturalization Act, a court's review of a removal order is limited: a court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This exhaustion requirement extends to habeas proceedings. Sundar v. INS, 328 F.3d 1320, 1322-1324 (11th Cir. 2003) (concluding that district court's denial of alien's habeas petition for lack of jurisdiction was proper because alien failed to appeal to BIA before seeking review of his denial of relief from deportation).[3]

_____

[3]We note that, although the alien in Sundar raised a legal question, the court's reasoning -- that an alien may not "bypass the administrative process by bringing a habeas corpus action in the district court" -- is equally applicable to challenges to factual findings. 328 F.3d at 1323 (quoting Kurfees v. INS, 275 F.3d 332, 337 (4th Cir. 2001)).

Here, Taylor's attempts (without exhausting his administrative remedies) in district court to attack the IJ's findings on his date of entry are likewise jurisdictionally precluded. The IJ found that Taylor entered the United States "on or about the 2nd day of August 1994 as a lawful permanent resident." The transcript of Taylor's removal-proceeding hearing reveals that Taylor's lawyer, in disputing the August 1994 date, admitted that he lacked physical evidence of an earlier date and noted that he would "move to reopen" the proceedings if such evidence was found. Never did Taylor move to reopen. Nor did he in his appeal to the Board of Immigration Appeals contest the IJ's finding on the date of entry.[4] Therefore, we conclude that the district court's dismissal for lack of jurisdiction to entertain Taylor's fact-based claims was proper.[5]

[4]Taylor asserts that his pro se brief to the BIA "explicitly argued" that he entered the United States on or about 18 June 1990. We, however, fail to discover such an argument in his brief. The brief focuses on his eligibility for § 212(c) relief and rarely, if ever, mentions § 240A. On the second-to-last page of the brief, in a section entitled "Existence of Equity and Grounds For Relief," Taylor lists a series of facts regarding his background, such as the number of family members living in the United States, his occupation, and a statement that he "entered the U.S. legally on or about June 18, 1990." We do not characterize that isolated statement as an *argument* contesting the IJ's finding that he entered the United States as a *lawful permanent resident* in August 1994. First, the statement is not couched as an argument: it does not purport to contradict (nor does it even mention) the IJ's findings regarding the date of entry. And, even if the statement is viewed as an attempt to challenge his date of entry, the statement fails to challenge the IJ's finding regarding his *status* of entry. Relief under INA § 240A(a)(1) requires proof of lawful admission for permanent residence, not mere "legal" entry as a visitor.

[5]Taylor also asserts that he, in district court, should have been entitled to an evidentiary hearing on his date of entry; he contends that insufficient evidence supported the government's submission that he was admitted in August 1994, rendering him ineligible for cancellation of removal under § 240A. But Taylor cites no authority in support of this asserted entitlement. The writ of habeas

And, because Taylor's date of lawful admission for permanent residence, 2 August 1994, was not within five years of his 1997 conviction, the district court did not err in finding Taylor ineligible for the cancellation of removal under INA § 240A. See 8 U.S.C. § 1229b(a) (permitting Attorney General to cancel removal if, among other criteria, the alien has been "lawfully admitted for permanent residence for not less than 5 years").

---

corpus may be used to attack deportation proceedings when some essential finding of fact is unsupported by the evidence. United States ex rel. Bilokumsky v. Tod, 44 S.Ct. 54, 56 (1923) (called into question, on other grounds, by INS v. Lopez- Mendoza, 104 S.Ct. 3479 (1984)). That this kind of attack is permitted does not mean that it can be waged at any time: this challenge can only be waged in a habeas proceeding after an exhaustion of administrative remedies.

      Moreover, had this challenge not been jurisdictionally barred, the claim is without substance: reliable evidence supported the August 1994 date of entry -- Taylor's wife's I-130 form (a form filed by a citizen or lawful permanent resident to establish his or her relationship with an alien relative who wishes to immigrate to the United States) is stamped with the date "August 2, 1994." And Taylor offers no evidence, except for a passport stamp showing his date of entry as a non-immigrant visitor in 1990, of any other date of entry. Therefore, the government's submission (and IJ's acceptance) of the August 1994 date of entry was not an "essential finding of fact [that] is unsupported by the evidence." In fact, it is the only date of entry that is supported by some evidence.

      We are also unpersuaded by the argument that our decision, vacating the district court's earlier dismissal of Taylor's habeas petition, granted the district court jurisdiction to examine his fact-based claims. There, in declining to address the merits of Taylor's habeas petition, we wrote, "a decision on Taylor's habeas claims would involve fairly complicated legal issues and -- depending on how the legal issues are resolved -- some factual determinations as well. . . . we think it is better for the district court to consider and to rule on the merits of the habeas petition in the first instance." Taylor v. U.S., 49 Fed. Appx. 287 (11th Cir. Sept. 11, 2002) (unpublished). This statement did not define the lower court's standard of review or jurisdiction. Instead, it represented an observation on the allocation of judicial resources.

B.     Eligibility for Relief Under INA § 212(c)

Taylor argues that the district court erred in concluding that § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") (eliminating INA § 212(c) relief) may be retroactively applied to his case. We will assume, for purposes of this opinion, that the district court erred in concluding that § 304(b) may be retroactively applied to aliens whose criminal conduct took place before the section's effective date. Therefore, we, for the sake of discussion, will assume that § 212(c) relief remained available to aliens in Taylor's position. But, because we conclude that Taylor, in any event, was ineligible for relief under § 212(c), we affirm the district court's decision.

This court reviews de novo the district court's interpretation of the INA's definition of aggravated felony for purposes determining a sentencing enhancement. United States v. Ayala-Gomez, 255 F.3d 1314, 1316 (11th Cir. 2001). And we will review de novo the district court's interpretation of the INA's definition of aggravated felony for purposes of determining § 212(c) relief.

Under § 212(c), the Attorney General may cancel the removal of an alien who is deportable if, among other requirements, the alien "has not been convicted of any aggravated felony." 8 U.S.C. § 1182(c) (repealed 1996). Taylor contends

that he is eligible for § 212(c) relief because 1) his conviction did not constitute an aggravated felony; and 2) he was not charged with and found deportable as an aggravated felon.

1.      Fla. Stat. § 794.011's "Soliciting Sexual Activity with a Child" Constitutes "Sexual Abuse of a Minor" under the INA

INA § 101(a)(43)(A) defines "aggravated felony" to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). This Court has interpreted "sexual abuse of a minor" to mean a "perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001).

Here, Taylor was convicted of violating Fla Stat. § 794.011(8)(a) which prohibits a person "in a position of familial or custodial authority" from soliciting a minor to "engage in any act which would constitute sexual battery under paragraph (1)(h)." Paragraph (1)(h) defines sexual battery as "oral, anal or vaginal penetration by, or union with, the sexual organ of another or vaginal penetration of another by any other object." Fla Stat. § 794.011(1)(h). The district court properly found that the solicitation of a child who was 16-years-old to engage in a sexual battery constitutes "sexual abuse of a minor." Such solicitation represents

10

nonphysical conduct committed for purposes of sexual gratification. Taylor

argues that, because the State of Florida considers his offense less serious than

other sexual crimes, his acts did not constitute an aggravated felony. But the INA

controls, and it contains no qualification for offense level or seriousness under

state law. Therefore, the district court properly concluded that Taylor's conviction

constitutes an aggravated felony for purposes of the INA.

     2.     The Government's Charge Does Not Negate Taylor's Status

Although the INS initially charged Taylor as removable due to his

conviction of an aggravated felony, the INS ultimately (but before the immigration

hearing) charged Taylor with being removable for conviction of a crime involving

moral turpitude, under 8 U.S.C. § 1182(a)(2)(A)(i)(1). In assessing the

applicability of other provisions of the INA, this Court has reviewed the alien's

underlying conduct, rather than the specific INS charge. See, e.g., Fernandez-

Bernal v. Attorney General, 257 F.3d 1304, 1310 (11th Cir. 2001) ("It is true that

the INS charged him with being inadmissible because it took the position that he

was 'convicted of' possession of cocaine in 1991, and that he was ordered

removed based on that conviction. However, that does not prevent us from

11

finding [the alien] is also removable for the jurisdiction-stripping purposes . . . on the alternative basis that he 'admit[ted] to committing' that offense.") (later alterations in original).[6] Thus, this Circuit, in certain contexts, is willing to disregard the formality of a charge when evaluating the applicability of other provisions of the INA.

Here, the district court properly concluded that it was not limited to the INS charge in evaluating Taylor's eligibility for § 212(c) relief. The INS's failure to charge Taylor as an aggravated felon does not preclude his ineligibility for § 212(c) relief if a court finds and concludes that his conduct actually constituted an aggravated felony. Therefore, the district court's decision will be affirmed.

### C. Collateral Attack on Florida State Conviction

---

[6]In Fernandez, this Court concluded that judicial review was precluded by IIRIRA § 1252(a)(2)(C), which eliminated jurisdiction to review final orders of removal against aliens who were "removable by reason of having committed a [statutorily delineated] criminal offense." 257 F.3d at 1311. There, the alien's conviction had been expunged, but the INS had charged the alien as being removable because he was "convicted of" a certain crime. We nevertheless concluded that the alien could be considered removable for purposes of § 1252(a)(2)(C), despite the charge, because he had admitted to committing the offense.

In a similar way, in Garcia v. Attorney General, 329 F.3d 1217 (11th Cir. 2003), this Court said that the INS's charge with deportability under a crime not listed in § 309(c)(4)(G) of the INA did not preclude review under § 309(c)(4)(G), which restricted judicial review to aliens who committed other criminal offenses. The Court reasoned that despite the INS's failure to charge the alien with one of the statutorily delineated offenses, the alien had notice that the crime that she committed would render her subject to § 309(c)(4)(G).

Taylor contends that the district court erred by prohibiting his challenge --

in the habeas proceeding -- to his underlying state court conviction. He wished to

argue that he -- in state court -- was not properly advised of the immigration

consequences of his pleading guilty. We have said that an alien may not

collaterally attack a state court conviction in deportation proceedings or petitions

for review of BIA decisions. Zinnanti v. INS, 651 F.2d 420 (5th Cir. Unit A

1981);[7] Mohammed v. Ashcroft, 261 F.3d 1244, 1251 (11th Cir. 2001). We now

extend the rule to habeas proceedings in immigration cases: collateral attacks to

state court convictions underlying deportation are prohibited.

Outside of the immigration context, the Supreme Court has prohibited a

federal prisoner's challenge to his state conviction in a § 2255 petition attacking

his federal sentence that was enhanced because of the state conviction; the Court

cited concerns regarding administration and an interest in the finality of

judgments. Daniels v. United States, 121 S.Ct. 1578, 1583 (2001). At least one

other circuit has extended the Daniels analysis to the immigration context by

prohibiting, in a habeas proceeding, a petitioner from challenging a state

---

[7]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

conviction that was the basis for an order of removal. <u>Drakes v. INS</u>, 330 F.3d 600 (3d Cir. 2003).

The concerns for finality and administration are just as applicable here in a habeas petition coming after a removal proceeding as they are in a petition coming after a sentencing proceeding. Taylor never filed a direct appeal of his state criminal case. Moreover, the statute of limitations for a challenge to his state convictions in § 2254 has expired. If Taylor were permitted to make this collateral attack, this Court would disrupt the finality of the state conviction and circumvent procedural barriers. Therefore, we conclude that the district court properly prohibited Taylor from attacking his Florida state conviction.

AFFIRMED.