[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 05-13624 & 05-13625
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A95-220-997 & A95-220-998

ROMAN ASHNUROV,
VIRA KOSTINA,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 7, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roman Ashnurov and his wife Vira Kostina petition for review of the denial of asylum and withholding of removal by the Immigration Judge and the Board of Immigration Appeals. Because the record does not compel the conclusion that Ashnurov and Kostina suffered past persecution or have a well-founded fear of future persecution, we deny their petition for review of their application for asylum and withholding of removal. Because Ashnurov and Kostina failed to appeal to the BIA the grant of voluntary departure, we dismiss their petition for review of that decision.

## I. BACKGROUND

Ashnurov was a citizen of the former Union of Soviet Socialist Republics who is currently without nationality, and Kostina is a citizen of Ukraine. Ashnurov and Kostina entered the U.S. from Estonia in late 2000 on visitor visas. On November 26, 2001, Kostina filed a timely application for asylum that covered her and Ashnurov. The Department of Homeland Security initiated removal proceedings on February 8, 2002. Ashnurov and Kostina conceded removability, but argued that they were entitled to asylum, withholding of removal, and protection under the Convention Against Torture.

At their hearing before the IJ, Ashnurov and Kostina testified to several incidents of alleged persecution by the Ukrainian and Estonian governments based on Ashnurov's Russian ethnicity. Ashnurov testified that, while living in Ukraine

2

from 1997 to 1999, the Ukrainian government discriminated against him and Kostina by delaying their application for a marriage license. Ashnurov testified that they received "threatening telephone calls" from "Ukrainian patriots." Neither Ashnurov nor Kostina reported the phone calls to the police.

Ashnurov testified that, on February 23, 1998, he witnessed three unknown men confront Kostina. When Ashnurov intervened, a fight began, and Ashnurov was stabbed in the arms, legs, and chest. As a result of his wounds, Ashnurov was hospitalized for over a month. Kostina reported the incident to the Ukrainian police, but, according to her testimony, the police stated that "things like this occur all the time and [the police] have no control over the situation."

In the summer of 1999, Ashnurov was arrested by Ukrainian police for failure to carry his documentation. When Kostina brought Ashnurov's documents to the police, they informed her that Ashnurov owed a $100 fine. Because Kostina could not pay the fine, the police required her and Ashnurov to clean the police station before Ashnurov could be released.

After this incident, Ashnurov and Kostina moved to Estonia. Kostina testified that her son, who currently lives in Estonia with his grandparents, was harassed by his classmates because he is unable to speak Estonian. Kostina testified that her son broke his leg when he tried to escape. Ashnurov testified that

3

it was difficult for him to find work in Estonia because employers gave preferential treatment to ethnic Estonians over ethnic Russians.

The IJ denied Ashnurov and Kostina's application for asylum, withholding of removal, and protection under the Convention Against Torture and granted them a voluntary departure. The IJ found that the testimony of Ashnurov and Kostina was credible but the incidents to which Ashnurov and Kostina testified did not rise to the level of persecution. The IJ also found that, even if the attack on Ashnurov in February 1998 rose to the level of persecution, there was no evidence that the Ukranian government condoned the attack, and Ashnurov and Kostina were able to relocate to Estonia after the incidents. The BIA affirmed the decision of the IJ without opinion.

## II. STANDARD OF REVIEW

"When the BIA issue[s] an affirmance without an opinion, the immigration judge's decision became the final order subject to review." Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). "The IJ's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (quoting 8 U.S.C. § 1252(b)(4)(B)).

4

### III. DISCUSSION

To be eligible for asylum, an alien must show past "persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); Al-Najjar v. Ashcroft, 257 F.3d 1262, 1287 (11th Cir. 2001). The applicant for asylum bears the burden of proof. 8 U.S.C. § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration[.]" Id. § 1158(b)(1)(B)(ii).

Ashnurov and Kostina erroneously argue that the record compels the conclusion that they suffered past persecution by the Ukranian and Estonian governments. "Persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Silva v. U.S. Att'y Gen., No. 04-10351, at *15 (May 5, 2006) (citation and modification omitted). Most of Ashnurov and Kostina's alleged incidents of persecution are mere discrimination based on Ashnurov's Russian ethnicity. Delay in receiving a marriage license and difficulty in obtaining employment do not rise to the level of persecution. See, e.g., Barreto-Claro v. U.S. Att'y Gen., 275 F.3d 1334, 1340 (11th Cir. 2001) (holding that "employment discrimination which stops short of depriving an individual of a means of earning a living does not constitute persecution").

5

The only incident that potentially rises to the level of persecution is the February 1998 altercation, but that incident does not compel a finding of entitlement to asylum. Even if Ashnurov was attacked because of his Russian ethnicity and the attack constituted persecution, Ashnurov and Kostina failed to satisfy their burden to show eligibility for asylum based on persecution by a nongovernmental entity. Although this Court has recognized that section 1158 "protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control," Sanchez v. U.S. Att'y Gen., 392 F.3d 434 (11th Cir. 2004), the applicant must show that relocation to another area is impractical. Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320 1326 (11th Cir. 2001). At the hearing before the IJ, Ashnurov and Kostina failed to offer any evidence of their inability to relocate to another part of the country. After the attack, Ashnurov and Kostina instead moved to Estonia, and Ashnurov was not assaulted again.

The petition for review of Ashnurov and Kostina fails. We conclude that, taken together, the incidents to which Ashnurov and Kostina testified do not compel the conclusion that the applicants suffered past persecution. Because Ashnurov and Kostina are not eligible for asylum and the standard for withholding for removal is more stringent, see Al Najjar, 257 F.3d at 1292-93, we conclude that they also are not entitled to withholding of removal.

6

Ashnurov and Kostina also petition for review of the decision of the IJ to grant, <u>sua sponte</u>, a voluntary departure, but they did not appeal this decision to the BIA.  This Court lacks jurisdiction over a petition to review on a ground for which the alien failed to exhaust his administrative remedies.  8 U.S.C. § 1252(d)(1); <u>see also</u> <u>Taylor v. United States</u>, 396 F.3d 1322, 1327 (11th Cir. 2005).  We dismiss the petition for review on this ground.

## IV.  CONCLUSION

Ashnurov and Kostina's petition for review is

**DENIED in part and DISMISSED in part**.