Aurelio MARTINEZ-TOVAR, a.k.a. Aurelio Martinez, Petitioner,

v.

U.S. ATTORNEY GENERAL, Respondent.

No. 16-10224
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

Filed (February 14, 2017)

Xiaoyun Lucy Lu, Philip Andrew Steed Shepherd, Lucy Lu & Associates, LLC, Atlanta, GA, for Petitioner

Lindsay Dunn, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Jonathan Aaron Robbins, Matthew Allan Spurlock, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, OIL, Office of Immigration Litigation, Washington, DC, Alfie Owens, DHS/ICE Office of Chief Counsel—ATL, Atlanta, GA, for Respondent

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Aurelio Martinez-Tovar seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his request for a third continuance of his removal proceedings. On appeal, Martinez-Tovar argues that good cause existed to grant his contin-

uance motion. Next, Martinez-Tovar wishes to raise, for the first time on appeal, an ineffective assistance of counsel claim against his former attorney, who represented him before the IJ and the BIA.

### I.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). If the BIA explicitly agreed with the IJ's particular findings, we review both the IJ's and BIA's conclusions regarding those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

We review the denial of a motion for a continuance for an abuse of discretion. *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia–Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

The grant of a continuance is within the IJ's broad discretion, and the immigration regulations provide that an IJ may grant one if good cause is shown. 8 C.F.R. § 1003.29; *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006). It is not an abuse of discretion to deny a continuance if the movant has not shown that he is eligible for the relief he wants more time to obtain. *See Zafar*, 461 F.3d at 1363-64.

A provisional unlawful presence waiver of inadmissibility (I-601A) is available to "certain aliens who are pursuing consular immigrant visa processing" as an immediate relative of a United States citizen. 8 C.F.R. § 212.7(e). To be eligible for a waiver, the alien, upon departure from the United States, must be inadmissible solely under Immigration and Nationality Act ("INA") § 212(a)(9)(B)(i), 8 U.S.C. § 1182(a)(9)(B)(i), at the time of the visa interview. 8 C.F.R. § 212.7(e)(3)(iii).

Pursuant to INA § 212(a)(9)(B)(i), an alien is inadmissible if: (1) he has been unlawfully present for a period of more than 180 days but less than 1 year, voluntarily departed the United States prior to formal removal proceedings, and seeks admission within 3 years of the date of his departure; or (2) he has been unlawfully present for 1 year or more and again seeks admission within 10 years of the date of his departure or removal from the United States. INA § 212(a)(9)(B)(i)(I)-(II), 8 U.S.C. § 1182(a)(9)(B)(i)(I)-(II). An alien is also inadmissible if he has been unlawfully present in the United States for an aggregate period of more than one year and enters or attempts to re-enter the United States without being admitted. INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I).

According to the I-213 Record of Deportable/Inadmissible Alien form ("I-213"), Martinez-Tovar voluntarily returned to Mexico in February 2001 after encountering Border Patrol, and subsequently re-entered the United States without being admitted or paroled. Thus, Martinez-Tovar would be inadmissible under INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I), if he unlawfully resided in the United States for more than a year prior to his February 2001 voluntary return, and the record supports this. *See* INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I). In his cancellation of removal petition, Martinez-Tovar claimed that he first entered the United States in October 1990, and again in December 1990 and January 1993, and the record does not contain evidence that he was removed or voluntarily returned until at least 2001. He

also provided addresses indicating that he had continuously lived and worked in Georgia since at least January 1993. Therefore, based on the I-213's statement that he was voluntarily returned in 2001 and later re-entered without admission or parole, Martinez-Tovar was inadmissible under INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I).

Although Martinez-Tovar opined that it may have been his son who voluntarily returned in 2001, he actually testified under oath at his final removal hearing that he did not remember the last time he re-entered the United States. Moreover, he had significant time to challenge the I-213 because it first appeared in the record at his initial removal hearing in April 2012. It was also filed in March 2013, giving him at least 11 months from this later date to challenge its contents, which he failed to do. Therefore, because he was ineligible for a provisional unlawful presence waiver and he had no other application for relief pending, the BIA did not abuse its discretion in affirming the denial of a continuance.

## II.

We have an obligation to review our own jurisdiction in each case, and do so *de novo. See Chacon–Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). Under the INA, we may review a final order of removal only if the alien has exhausted all administrative remedies available as of right. *Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005); INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250. "[E]xhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Sundar v. INS*, 328 F.3d

1320, 1323 (11th Cir. 2003) (quotation omitted).

In order to properly raise a claim before the BIA, the petitioner must mention the issue and discuss its merits, or at least contest the basis for the IJ's decision. *See Alim v. Gonzales*, 446 F.3d 1239, 1254 (11th Cir. 2006) (noting that, when a claim was mentioned in a petitioner's brief to the BIA and was specifically requested as relief, it was properly exhausted); *see also Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008) (holding that exhaustion requires only that the petitioner argued the core issue before the BIA, and "hyper-technical" jurisdictional arguments from the government regarding the exhaustion requirement were unavailing).

Under 8 U.S.C. § 1229a(c)(7), an alien has the option to file a motion to reopen a final administrative order of removal within 90 days of that order. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2005). One of the grounds an alien may claim in his motion to reopen is ineffective assistance of counsel. *Id.*

We lack jurisdiction to consider Martinez-Tovar's ineffective assistance of counsel claim. Because he did not raise this claim before the BIA, it is unexhausted, and we are precluded from reviewing it. *See Amaya–Artunduaga*, 463 F.3d at 1250. While Martinez-Tovar retained his former counsel throughout the duration of his removal proceedings and BIA appeals process, he had an opportunity to file a motion to reopen his proceedings based on ineffective assistance of counsel. *See Dakane*, 399 F.3d at 1273. Having failed to do so, his claim is unexhausted.

**PETITION DENIED IN PART AND DISMISSED IN PART.**