# In the
# United States Court of Appeals
## For the Seventh Circuit
───────────

No. 06-2837

MARK G. SABAN,

*Petitioner*,

*v.*

UNITED STATES DEPARTMENT OF LABOR,

*Respondent*.

───────────

Petition to Review an Order of the
Administrative Review Board of the
United States Department of Labor.
ARB No. 03-143.

───────────

SUBMITTED OCTOBER 31, 2007—DECIDED DECEMBER 4, 2007

───────────

Before POSNER, WOOD, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*.    The petitioner seeks judicial review of the denial of his claim that he was fired by his employer in violation of the whistleblower provision (49 U.S.C. § 60129(a)(1)(A)) of the Pipeline Safety Improvement Act, 49 U.S.C. §§ 60101 *et seq*. The Labor Department's administrative review board denied the claim on March 30, 2005, and he did not file his petition for review of the denial with this court (as authorized by 49 U.S.C. §§ 60129(b)(3)(A), (4)(A) because it was a final order by

the Secretary of Labor) until July 5, 2006—more than a year later, though the statutory deadline for filing is only 60 days. *Id*. Yet the Labor Department argues that the petition is timely because the petitioner had filed a timely motion with the board for reconsideration of the denial of his claim and he filed his petition for review in this court within 60 days after the board denied the motion.

At least until 1993, there was no doubt that the filing of a motion to reconsider an agency decision tolled the time for filing a petition for judicial review. E.g., *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284-85 (1987); *Arch Mineral Corp. v. Director, Office of Workers' Compensation Programs*, 798 F.2d 215, 219 (7th Cir. 1986). (This is provided it is the *first* such motion; we explain the significance of that qualification later.) That year the Supreme Court, in *Darby v. Cisneros*, 509 U.S. 137, 145-47 (1993), noted the neglect by most courts of the language of section 10(c) of the Administrative Procedure Act, 5 U.S.C. § 704, which provides that agency action that would otherwise be final is so "whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and pro-vides that the action meanwhile is inoperative, for an appeal to superior agency authority." The order that the petitioner asks us to review was a final order.

*Darby* was not concerned with tolling but with whether section 10(c) required exhaustion of optional administra-tive remedies (the Court held that it did not). The judi-cial neglect to which the Court pointed was neglect to realize that the language of the section precludes a re-quirement of exhausting such remedies, as by filing a motion for reconsideration; finality and hence judicial

reviewability are unaffected by the failure to move for such a remedy—section 10(c) is explicit about this. *Darby* did not overrule *ICC v. Brotherhood of Locomotive Engineers*, but instead cited it with approval. 509 U.S. at 145. Yet in *Midland Coal Co. v. Director, Office of Workers' Compensation Programs*, 149 F.3d 558, 562 (7th Cir. 1998), citing the Court's reference in *Darby* to judicial neglect of section 10(c), this court held that *Locomotive Engineers* was no longer good law and that the filing of a motion to reconsider a final agency order does not toll the time for seeking judicial review.

The Supreme Court has told the lower courts that they are not to anticipate the overruling of a Supreme Court decision, but are to consider themselves bound by it until and unless *the Court* overrules it, however out of step with current trends in the relevant case law the case may be. *Tenet v. Doe*, 544 U.S. 1, 10-11 (2005); *United States v. Hatter*, 532 U.S. 557, 567 (2001); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989). That directive was not mentioned in *Midland Coal*, even though two years after *Darby* the Supreme Court had reaffirmed *ICC v. Brotherhood of Locomotive Engineers* with nary a hint of any dubiety concerning the continued soundness of that case. *Stone v. INS*, 514 U.S. 386, 391-92 (1995). The Court in *Stone* interpreted section 10(c) and a similar provision in the Hobbs Act to mean only that an agency order is final and therefore immediately reviewable even if the would-be petitioner for judicial review did not ask the agency to reconsider its decision. *Id*. Our court in *Midland Coal* sought to distinguish *Stone* on the ground that it had turned on the finality provision of the Hobbs Act rather than on section 10(c) of the Administrative

Procedure Act. 149 F.3d at 562 n. 3. But the Court had been explicit in *Stone* that "*both the APA and* the Hobbs Act embrace a tolling rule: The timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review." 514 U.S. at 392 (emphasis added).

We have found no case besides *Midland Coal* that rejects the tolling rule of *Locomotive Engineers*; every other case follows the Supreme Court's decision. See, e.g., *Williston Basin Interstate Pipeline Co. v. FERC*, 475 F.3d 330, 334-35 (D.C. Cir. 2006); *Boston & Maine Corp. v. Town of Ayer*, 330 F.3d 12, 16 n. 6 (1st Cir. 2003); *Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 121 (3d Cir. 1999). It turns out, however, that *Midland Coal*'s bark is worse than its bite. For it involved a *second* motion to reconsider an agency decision, and there is no doubt that a second or successive motion to reconsider does not toll the deadline for filing the petition for judicial review because otherwise a petitioner could, at will, postpone the deadline for that filing indefinitely. *Peabody Coal Co. v. Abner*, 118 F.3d 1106, 1108 (6th Cir. 1997). As explained in *Midland Coal*, quoting *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986), "The time limit [for taking appeals] would be a joke if parties could continually file new motions, preventing the judgment from becoming final." 149 F.3d at 564. The present case, in contrast, involves a first motion to reconsider.

But the holding that a second or successive motion to reconsider does not toll is an alternative holding in *Midland Coal*, alternative to the holding that no motion to reconsider tolls unless, of course, a statute or regulation provides for tolling. That broader holding, being contrary to Supreme Court decisions that have not been overruled,

we must reject, and we do so today, having circulated our opinion to the full court in advance of publication, as required, for an overruling, by 7th Cir. R. 40(e). No judge in regular active service voted to hear the case en banc.

Since the petition for review was timely, we turn to the merits. They are straightforward. The whistleblower provision of the Pipeline Safety Improvement Act took effect on December 17, 2002. But the wrongful termination of which the petitioner complains had taken place in July 1999, more than three years earlier. So his suit can proceed only if the provision is given retroactive effect. Unless Congress clearly indicates that a statute is to have such effect, which it has not done in the pipeline act, it is not to be given such an effect if the result would be, so far as bears on the present case, to "impair rights a party possessed when he acted, [or] increase a party's liability for past conduct." *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994). That is an exact description of what applying the whistleblower provision in the present case would do. It would impair the right of the petitioner's employer to fire a whistleblower and it would impose liability for acts done before the statute took effect. Against this the petitioner has no argument at all.

We note in closing that the petitioner's former employer, Washington Group International, Inc., has an interest in this case, and though the respondent in a proceeding to review a final agency order is the agency itself, Fed. R. App. P. 15(a)(2)(B), interested parties can move to intervene. Fed. R. App. P. 15(d); *American Nuclear Resources, Inc. v. U.S. Department of Labor*, 134 F.3d 1292, 1294 n. 2 (6th Cir. 1998). But the employer, while peppering us with briefs, has never moved to intervene, and so

is not a party to this proceeding. Nor did it ask for permission to participate as an amicus curiae.

The petition for review is

DENIED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*