NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

On Remand from the Supreme Court[*]
Decided September 22, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-4188

| | |
|---|---|
| KURT GARBUTT, | Petition for Review of |
|                    *Petitioner*, | an Order of the Board of |
| | Immigration Appeals. |
|    *v.* | |
| | No. A036-991-429 |
| ERIC H. HOLDER, JR., Attorney | |
| General of the United States, | |
|                   *Respondent*. | |

**O R D E R**

Kurt Garbutt, a citizen of Belize, was found to be ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3) after an immigration judge determined, applying this court's precedent in *Fernandez v. Mukasey*, 544 F.3d 862 (7th Cir. 2008), that his second state conviction for cocaine possession constituted an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B). After the Board of Immigration Appeals (BIA) affirmed the order of the judge, Garbutt

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. See F. R. App. P. 34(a)(2)(C).

petitioned for review arguing that we should overrule *Fernandez*. We declined to do so and denied his petition. *See Garbutt v. Holder*, 351 F. App'x. 106, 110-11 (7th Cir. 2009) (citing *Fernandez* and *United States v. Pacheco-Diaz*, 506 F.3d 545 (7th Cir. 2007)). Garbutt subsequently filed a petition for writ of certiorari with the Supreme Court. The writ was granted.

The Supreme Court vacated our judgment and remanded Garbutt's petition for further consideration in light of its recent decision in *Carachuri-Rosendo v. Holder*, 560 U.S. – , 130 S. Ct. 2577 (2010). *See Garbutt v. Holder*, 130 S. Ct. 3460, 3461 (2010). Pursuant to Circuit Rule 54, we invited the parties to present their positions as to the action we should take. Both parties agree that we should remand the case to the BIA to revisit its denial of cancellation of removal because *Carachuri-Rosendo* effectively overturned our relevant holdings in *Fernandez* and *Pacheco-Diaz*.

We also agree. Under *Carachuri-Rosendo*, Garbutt's second state possession conviction may no longer be considered an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) because it was not based on the fact of a prior conviction. Thus, he is not ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

Accordingly, the petition for review is GRANTED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.