# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-2264

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ANGEL PACHECO-DIAZ,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 04 CR 866—**Samuel Der-Yeghiayan**, *Judge*.

On Petition for Rehearing

DECIDED JANUARY 29, 2008

Before EASTERBROOK, *Chief Judge*, and ROVNER and
SYKES, *Circuit Judges*.

PER CURIAM. Our opinion in this appeal, 506 F.3d 545
(7th Cir. 2007), held, among other things, that Pacheco-
Diaz had been removed from the United States after
committing an "aggravated felony." (His current convic-
tion is for unauthorized reentry after that removal.) An
alien who reenters after being removed for committing
an "aggravated felony" receives a higher offense level than
an alien removed for a less serious crime (or for a reason
other than crime). See U.S.S.G. §2L1.2(b)(1)(C). Pacheco-

Diaz's pre-removal convictions include possessing mari-
juana, in violation of Illinois law. Simple possession of
marijuana is not a federal felony, however, and Pacheco-
Diaz argued that his offense therefore could not be
an "aggravated felony" for the purpose of 8 U.S.C.
§1101(a)(43), a definitional clause incorporated by refer-
ence in §2L1.2(b)(1)(C). But we concluded that multiple
"simple possession" convictions add up to a drug felony,
because 21 U.S.C. §844(a) treats possessing marijuana
that way if the defendant already has one marijuana-
possession conviction on his record.

Pacheco-Diaz argues that we should grant rehearing
because our initial opinion overlooked the fact that none
of his convictions in Illinois is based on that state's
recidivist statute. After our opinion was released, a
majority of the Board of Immigration Appeals con-
cluded—apparently as a result of a concession by counsel
for the Department of Homeland Security—that a state
marijuana-possession offense is an aggravated felony
under §1101(a)(43) only if the alien was charged as a
recidivist in state court. See *Matter of Carachuri-Rosendo*,
24 I.&N. Dec. 382 (2007). We disagree with that under-
standing of §1101(a)(43), for reasons well stated by
Member Pauley's concurring opinion in *Carachuri-
Rosendo*.

Normally, when administering federal recidivist statutes
such as 18 U.S.C. §924(e), federal courts look at the
elements of the prior offense under which the defendant
has been convicted, not at the conduct underlying that
conviction. See *Shepard v. United States*, 544 U.S. 13
(2005); *Taylor v. United States*, 495 U.S. 575 (1990).
Section 1101(a)(43) is not a recidivist statute, however,
nor does its application depend on the elements of the
state crime.

*Lopez v. Gonzales*, 127 S. Ct. 625 (2006), holds that
classification of an offense for the purpose of §1101(a)(43)

depends on how the accused's conduct would be treated under federal law. If the conduct of which the defendant has been convicted would be a felony under federal law, then it comes within §1101(a)(43) if it meets that statute's requirements concerning the subject-matter of the crimes and the length of the sentence. In deciding whether given conduct would be a drug felony under federal law, it is not possible to limit attention to the elements of the offense under state law; the point of *Lopez* is that, when state and federal crimes are differently defined, the federal court must determine whether the conduct is a *federal* felony, not which statute the state cited in the indictment.

This is not to say that the federal court (or the immigration officials, when §1101(a)(43) is applied in removal proceedings) should look past the state convictions to see what the defendant actually did. A court must stick with the conduct reflected in the judgment of conviction. But the district judge, when sentencing Pacheco-Diaz, did not go behind the state convictions to the real-offense behavior—did not, in other words, inquire whether Pacheco-Diaz possessed a distribution-sized quantity of marijuana, which would have supported a federal conviction under 21 U.S.C. §841. Pacheco-Diaz has been convicted in state court, at least twice, of simple possession of marijuana. A second marijuana-possession offense is a felony under 21 U.S.C. §844(a) if the defendant's second episode of possession post-dates his first conviction, as Pacheco-Diaz's second possession did. In a hypothetical-federal-felony approach, it does not matter whether the defendant was charged in state court as a recidivist; indeed, it does not matter whether the state has a recidivist statute in the first place. What provides the classification under §1101(a)(43) is federal rather than state law.

Footnote 6 of *Lopez* (127 S. Ct. at 630 n.6) supports this approach. It reads:

> Of course, we must acknowledge that Congress did counterintuitively define some possession offenses as "illicit trafficking." Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in §924(c)(2), such as possession of cocaine base and recidivist possession, see 21 U.S.C. §844(a), clearly fall within the definitions used by Congress in 8 U.S.C. §1101(a)(43)(B) and 18 U.S.C. §924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech. But this coerced inclusion of a few possession offenses in the definition of "illicit trafficking" does not call for reading the statute to cover others for which there is no clear statutory command to override ordinary meaning.

This does not settle the matter—the footnote is elliptical and dictum to boot. It is unnecessary to expatiate on its meaning. Looking at the conduct reflected in the state convictions, as opposed to the precise state crime charged, is the only way to implement the hypothetical-federal-felony view that *Lopez* adopted as its holding. Footnote 6 of *Lopez* just acknowledges a logical consequence of the Court's general approach.

Pacheco-Diaz's convictions establish that he is a marijuana-possession recidivist. His initial conviction, in 2000, occurred before the conduct that led to his second drug conviction in 2002. Had he been prosecuted under federal law, Pacheco-Diaz would have been treated as a felon by §844(a). That makes him a controlled-substance felon for the purpose of §1101(a)(43) and justifies

application of the sentencing enhancement under §2L1.2(b)(1)(C). The petition for rehearing is denied.

ROVNER, *Circuit Judge*, dissenting. It is not often that the author of a unanimous panel decision dissents from the denial of panel rehearing and yet that is the position in which I find myself. Because of rulings issued by the Board of Immigration Appeals after the release of the panel decision, I have come to doubt my resolution of the sentencing issue regarding aggravated felonies. *See In re Carachuri-Rosendo*, 24 I. & N. Dec. 382 (2007); *In re Thomas*, 24 I. & N. Dec. 416 (2007). After oral argument in the instant case, the Supreme Court issued its decision in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006). The government submitted the *Lopez* opinion as supplemental authority, arguing that under *Lopez*'s footnote six, Pacheco-Diaz's second state possession conviction constituted a felony as defined by the CSA recidivist provision, 21 U.S.C. § 844(a), and thus was an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(B) and guideline 2L1.2(b). The defendant did not respond to the government's supplemental argument.

Footnote six of *Lopez* states, in relevant part, that "Congress did counterintuitively define some possession offenses as 'illicit trafficking.' Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as possession of cocaine base and recidivist possession, see 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these federal possession

felonies or their state counterparts constitute 'illicit trafficking in a controlled substance' or 'drug trafficking' as those terms are used in ordinary speech." *Lopez*, 127 S. Ct. at 630 n.6. Applying footnote six to the conduct for which Pacheco-Diaz was convicted, our opinion found that the defendant's second state possession conviction could have been charged as a felony under the CSA recidivist provision and thus was an aggravated felony.

The potential problem with that analysis is that it applied the language of footnote six to the *conduct* and not the *offense* for which Pacheco-Diaz was convicted. The Court in *Lopez* and the prior authority of this court both use a categorical approach in determining whether a state offense constitutes an aggravated felony under federal law. *See Lopez*, 127 S. Ct. at 633 ("In sum, we hold that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."); *Gattem v. Gonzales*, 412 F.3d 758, 765 (7th Cir. 2005) (the approach to identifying state crimes that Congress intended to be treated as aggravated felonies is categorical). The only relevant consideration in the categorical analysis is the offense actually charged in state court, not the crime that could have been charged for the defendant's underlying conduct. The offense for which Pacheco-Diaz was convicted was simple possession. He could have been charged for his second possession offense as a recidivist in state court but he was not. He was instead charged as if his second offense was his first, and our knowledge that this was his second offense does not permit us to recharacterize the charge. I agree with the *per curiam* that the court should not look at the label the state applies to the defendant's conduct; but the court must, under *Lopez*, consider the conduct the state statute proscribes, and not the conduct behind the offense of conviction. *Lopez*, 127 S. Ct. at 633. *See also id.*, 127 S. Ct.

at 631 ("a state offense whose elements include the elements of a felony punishable under the CSA is an aggravated felony").

The categorical approach demands that we look to "the elements of the state offense in question and, where necessary, to the charging document pursuant to which the petitioner was convicted, to determine whether the offense corresponds to one of the crimes described as aggravated felonies in the INA." *Gattem*, 412 F.3d at 765. To be charged as a recidivist under federal law, a prosecutor would have to establish a number of elements beyond those required in a simple possession case. *See* 21 U.S.C. § 851 (describing proceedings necessary to establish prior convictions); *Carachuri-Rosendo*, 24 I. & N. Dec. at 384-85 (explaining that a judge may not impose a felony sentence on a recidivist unless the prosecutor filed and served an enhancement information that provides the defendant with notice and an opportunity to review the allegations of the prior convictions for accuracy, to contest the use of these convictions, and to create a trial strategy, among other things). *Lopez* spoke of "state possession crimes that correspond to felony violations" in footnote six. Pacheco-Diaz's second possession offense does not "correspond to" recidivist possession under section 844(a). Nothing about the conviction or the charging document corresponds to the recidivist elements of section 851, a provision of federal law entirely ignored by the *per curiam* opinion; it reflects only simple possession. As the Court stated in *Lopez*, "[u]nless a state offense is punishable as a federal felony it does not count." 127 S. Ct. at 631. Possession, the state offense at issue, is not punishable as a federal felony and so it does not count. Because Pacheco-Diaz did not commit an aggravated felony, the eight-level increase under guideline 2L1.2 was in error.

Our post-*Lopez* analysis would have been greatly aided by full briefing of this issue, including the relevance and

effect of section 851. I had hoped my colleagues would agree to withdraw the opinion and allow the issue to be fully briefed. Like the government, however, they read footnote six of *Lopez* without reference to the categorical approach and without regard to the fact that Pacheco-Diaz was not charged as a recidivist in state court, an approach that I now believe may be mistaken. *Carachuri-Rosendo*, 24 I. & N. Dec. at 390 (declining to treat a series of misdemeanor possession offenses as trafficking felonies unless the state offense corresponds in a meaningful way to the essential requirements that must be met before a felony sentence may be imposed under federal law on the basis of recidivism). The opinion in *Pacheco-Diaz* as it stands compares an offense the defendant could have been charged with in state court with an offense the defendant could have been charged with in federal court. That is one too many levels of hypothetical application. The BIA has indicated that it does not intend to follow our decision in *Pacheco-Diaz* outside of the Seventh Circuit. *See Carachuri-Rosendo*, 24 I. & N. Dec. at 393. A circuit split is sure to follow. Because my colleagues do not wish to give the matter additional consideration before that inevitable result follows, I respectfully dissent from the denial of panel rehearing.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
